UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No.   4:18CR01020 AGF |
| THOMAS CARL CRIMMINS, | ) ) ) | |
| Defendant. | ) | |

**ORDER DENYING REVOCATION OF DETENTION ORDER**

This matter is before the Court on Defendant Thomas Carl Crimmins's Motion to Revoke United States Magistrate Judge Collins' January 18, 2019 Detention Order. (ECF No. 26).   Defendant filed his motion pursuant to 18 U.S.C. § 3145(b), seeking to revoke the detention order entered by the Magistrate Judge (ECF No. 24), and to release Defendant on a combination of conditions of release.   The Government filed an opposition to the motion.   The Court held a further evidentiary hearing and reviewed the matter *de novo*.

Defendant is charged by indictment with one count of Production of Child Pornography, in violation of 18 U.S.C. § 2251, punishable by a term of imprisonment of not less than fifteen (15) years; and one count of Transportation of Child Pornography, in violation of 18 U.S.C. § 2252(A)(a)(1), punishable by a term of imprisonment of not less than ten (10) years.   The parties agree that there is a statutory rebuttable

1

presumption of detention in this case.

> Subject to rebuttal by the person, it shall be presumed that no conditions or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed – . . . an offense involving a minor victim under section . . . 2251 . . . [or] 2252A(a)(1) . . . of this title.

18 U.S.C. § 3142(e)(3)(E).

As the Court noted in *United States v. Abud*, 350 F.3d 793, 797 (8th Cir. 2003), once the presumption is established, a defendant has a burden of production – but not persuasion – to rebut the presumption, by coming forward with evidence that he does not pose a danger to the community or a risk of flight.  If a defendant meets his burden of production with respect to these two factors, the presumption does not disappear, but rather remains a factor to be considered by the Court, together with other factors.  The burden of establishing the propriety of detention rests with the Government.

The Court conducted a *de novo* review of the Government's motion for pretrial detention, including a review of the case file, the pretrial services report, the exhibits offered at the detention hearing, and has listened to a recording of the detention hearing held on January 2, 2019.  After briefing by the parties, the Court held an evidentiary hearing on February 12, 2019.

At the hearing, the Government presented the testimony of Jacob Walk, a Detective with the Franklin County Sheriff's Office and a member of the Internet

2

Crimes Against Children Task Force, and offered several additional exhibits. Defendant also requested that the Court consider the testimony of Defendant's sister, who testified at the detention hearing before the Magistrate Judge. For the reasons stated below, and stated more fully on the open record, Defendant's motion will be denied.

Defendant, who is fifty years old, has been employed by the same employer for twenty years, has close family ties to the Eastern District of Missouri, and has been living in a home that his mother owns. Defendant lived there with his mother together with his sixteen year old daughter, for whom he has sole custody. Although Defendant has a 2009 conviction for three counts of distribute/deliver/ manufacture a controlled substance, he received a suspended execution of sentence, was placed on five years of probation, and completed his term of probation early. He has no history of failing to appear, and self-surrendered on the current indictment.

Defendant argues that he is not a flight risk or a danger to the community, and has proposed that he be released on home detention with electronic monitoring, and that he participate in sex offender counseling. He further states his mother is willing to post her home, on which she has no mortgage, to secure his release. Defendant's daughter is now living with Defendant's mother, and Defendant proposes that she would continue to live with her grandmother if Defendant were released on bond. The Government has continued to oppose Defendant's release on bond, arguing that Defendant has not

3

rebutted the presumption that arises in this case and that on these facts, there are no conditions or combination of conditions that will adequately assure the appearance of the Defendant and the safety of the community.

Based on the entire record, the Court finds that Defendant has rebutted the presumption that arises in this case with respect to the risk of flight, and finds that the Government has not met its burden to establish that there are no conditions that will adequately assure Defendant's appearance.   Based on its *de novo* review, however, the Court finds that the Government has met its burden with respect to the danger posed to the community and the victim.

As set forth in more detail on the open record, which the Court adopts and incorporates, in this case the Government has met its burden to establish by clear and convincing evidence that no combination of conditions will reasonably assure the safety of the community and the victim.   This case involves the production of child pornography.   Defendant, who was apparently a family friend, allegedly engaged in a sexual relationship with the victim, at a time when Defendant knew she was only seventeen years old, and made several video tapes of himself engaged in sexual conduct and sexual intercourse with the victim.   The Government's evidence in support of the charges is extremely strong, and includes admissions by Defendant to both his sister and to law enforcement, as well as four videos and multiple still photos made from the videos found on Defendant's cell phone.

4

In addition, the record contains evidence of a threatening text that Defendant sent to the victim after she broke up with him, in which he attached three photos made from the videos and threatened to send them to the victim's mother.   This led to the execution of a search warrant in September, 2017, the seizure of Defendant's cell phone, and an interview with law enforcement.   Although Defendant was aware of possible charges relating to his conduct, and had retained counsel to represent him, the record contains evidence that Defendant, who lives within a mile and one-half of the victim's residence, thereafter engaged in harassing conduct in late June, 2018, that included repeatedly driving past the victim's employment and staring at her.   Govt. Ex. 3.   In a meeting with law enforcement in December, 2018, just prior to the issuance of the indictment, the victim reported her continuing fear.

For these reasons, and the reasons stated more fully on the open record, the Court finds that Defendant has not rebutted the presumption that arises in this case with respect to danger to the community and the victim, and finds that the Government has met its burden to prove by clear and convincing evidence that there is no condition or combination of conditions that will adequately assure Defendant's compliance with the terms of his supervision and the safety of the community and the victim.

Accordingly,

5

**IT IS HEREBY ORDERED** that Defendant's Motion to Revoke United States Magistrate Judge Collins' January 18, 2019 Detention Order is **DENIED**.   [ECF No. 26.]

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2019.