UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18 CR 1020 AGF |
| THOMAS CARL CRIMMINS, | ) ) ) |
| Defendant. | ) ) |

### GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant Thomas Carl Crimmins, represented by defense counsel Daniel A. Juengel, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count I (production of child pornography) of the charge, the Government agrees to move for dismissal as to the defendant of Count II (distribution of child pornography) at the time of sentencing. Moreover, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's production and

1

distribution of child pornography between August 1, 2017, and September 21, 2017, of which the Government is aware at this time.

The parties further understand that the Government will recommend to the Court that it sentence the defendant to twenty-five years' imprisonment, and the defendant will recommend to the Court that it sentence him to fifteen years' imprisonment.

The defendant agrees that the items seized by law enforcement officials during their course of the investigation include, but are not limited to an Apple iPhone 6s, an Apple iPhone 5, an Apple iMac, a PNY mini Attaché, a Toshiba Satellite computer, a Toshiba hard drive, a GoPro Hero3 camera, a SanDisk Extreme Plus MicroSD card, and an Apple iPad Air 2. The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that the items may be disposed of by law enforcement officials in any manner.

3. **ELEMENTS:**

As to Count I, the defendant admits to knowingly violating Title 18, United States Code, Section 2251(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime Production of Child Pornography are: (1) defendant knowingly used a minor to engage in sexually explicit conduct, (2) for the purpose of producing a visual depiction of such conduct, and (3) said visual depiction was produced using materials that have been transported in interstate or foreign commerce.

4.     **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On September 21, 2017, JM, a 17-year-old female, notified police that she had been in a relationship with the defendant since May 2017. JM said that the defendant had been a family friend. The relationship started when the defendant posted on Facebook that he broke up with his girlfriend. JM contacted the defendant and offered her condolences. They continued to communicate. He told her that if she were older, he would take her out. The conversation then turned sexual.

JM and the defendant began a sexual relationship. During the sexual relationship, defendant video recorded JM and while he engaged in sexual activity with her video recorded JM in a lascivious display of her genitals. JM ended the relationship.

When JM broke off the relationship, she blocked his number on her phone. While talking with a police officer on September 21, 2017, JM gave the officer consent to examine her phone. The officer unblocked defendant's telephone number. When he did, he restored 10 messages. One of the messages from the defendant contained three images of JM. One was of JM sitting topless on a bed. The second was her topless with the defendant standing between her legs, and the final one was an image of the defendant and JM engaged in sexual intercourse. Also included with the pictures was a message threatening to send the images to the JM's mother.

The officer then applied for and received a valid state of Missouri search warrant. On September 22, 2017, officers properly executed the search warrant at the defendant's residence

3

in Sullivan, Missouri, located in the Eastern District of Missouri. During the search, officers seized various cameras, computer, phones, and an Apple iPhone.

The defendant was present in his residence and was arrested. He was conveyed to the Sullivan Police Department and placed into an interview room. During the recorded interview, Officer Jack Allen informed the defendant that he had a search warrant for defendant's phone, and asked the defendant for the passcode. The defendant provided the passcode to Officer Allen. Officer Allen informed the defendant of his *Miranda* rights. Defendant indicated that he understood his rights and agreed to talk. Officer Allen unlocked defendant's Apple iPhone 6s and viewed the contents. Officer Allen located four videos of JM. Some of the videos depicted JM engaged in oral sex with the defendant, JM engaged in sexual intercourse with the defendant, and JM in a lascivious display of her genitals.

Officer Allen asked the defendant if he knew how old JM was. He said that he knew she was 17 years' old, and added that it is not illegal to have sex with her if she consented. Defendant admitted that he made the videos but said that it was JM's idea. He said that he also had screenshots of the videos. He also admitted sending the screenshots to JM.

Det. Patrick Jackson, assigned to the St. Charles County Cyber Crimes Unit, examined the defendant's iPhone 6s. The iPhone was produced outside the state of Missouri and traveled in interstate and foreign commerce. Det. Jackson located four video files and 15 image files. All of the video files depicted JM and the defendant engaged in sexually explicit conduct.

Summary

As to Count I, the defendant admits that between August 1, 2017, and September 21, 2017, within the Eastern District of Missouri, he knowingly used JM, a minor female, to produce the following images and videos with his Apple iPhone:

4

   a. "IMG_0007.MOV," a graphic video file that image file that depicts, in part, defendant engaging in sexual intercourse with JM;

   b. "IMG_0023.MOV," a graphic video file that depicts, in part, JM performing oral sex on defendant;

   c. "IMG_0025.MOV," a graphic image file that depicts, in part, defendant engaging in sexual intercourse with JM;

   d. "IMG_0026.MOV," a graphic image file that depicts, in part, defendant engaging in sexual intercourse with JM;

   e. "IMG_0195.PNG," a graphic image file that depicts a defendant with an erect penis and JM in a lascivious display of her genitals; and

   f. "IMG_09979.PNG," a graphic image file that depicts JM performing oral sex on defendant.

The defendant admits that he possessed more than 300 images of child pornography where each video is considered to be the equivalent of 75 images. Some of the images and videos of child pornography depicted a minor child engaged in sexually explicit conduct.

The defendant further admits that the Apple iPhone traveled in intestate and foreign commerce and contained child pornography images and videos.

The defendant understands that the internet is a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The defendant also understands that the internet is a means and facility of interstate and foreign commerce.

5. **STATUTORY PENALTIES:**

As to Count I, the defendant fully understands that the maximum possible penalty provided by law for the crime of Production of Child Pornography to which the defendant is

5

pleading guilty is imprisonment of not more than thirty years, a fine of not more than $250,000 for each count, or both such imprisonment and fine. The Court must also impose a period of supervised release of life and not less than five years. **The defendant fully understands that the charge of Production of Child Pornography to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least fifteen years.**

6.   U. S. SENTENCING GUIDELINES: 2018 MANUAL:

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.

   (1)   **Production of Child Pornography for each of Count I:**

      (a)   **Base Offense Level**: The parties agree that the base offense level is thirty-two (32) as found in Section 2G2.1(a).

      (b)   **Chapter 2 Specific Offense Characteristics**: The parties recommend that the following Specific Offense Characteristics apply:

         (i)   the parties agree that two (2) levels should be added pursuant to Section 2G2.1(b)(2)(A), because the offense involved "the commission of a sexual act or sexual contact;"

         (ii)   the parties disagree as to the application of Section 2G2.1(b)(3) (whether defendant "knowingly engaging in distribution") – the Government reserves the right to prove the application of the specific offense characteristic and the defendant reserves that the right to contest it;

6

    (iii) the parties disagree as to the application of Section 2G2.1(b)(4)(a) (whether the material involved "sadistic or masochistic conduct or other depictions of violence") – the Government reserves the right to prove the application of the specific offense characteristic and the defendant reserves that the right to contest it;

b. **Chapter 3 Adjustments**: The parties recommend that the following adjustments, other than acceptance of responsibility, apply: none.

c. **Repeat and Dangerous Sex Offender Against Minors**: The parties disagree as to the application of Section 4B1.5(b)(a) – the Government reserves the right to prove the application of the section and the defendant reserves that the right to contest it;

d. **Other Chapter 3 Adjustments**:

 (1) **Acceptance of Responsibility**: The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant that it believes are inconsistent with defendant's eligibility for this deduction, the government may assert that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1.

e.  **Estimated Total Offense Level:** The parties do not agree on the Total Offense Level. Nevertheless, both parties request that the Court grant defendant a downward variance. The Government requests that the Court grant a downward variance and sentence defendant to twenty-five years' imprisonment, and the Defendant requests that the Court grant a downward variance and sentence him to fifteen years' imprisonment.

**The defendant fully understands that the crime charged to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least fifteen years.**

d.  **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

7.  **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

a.  **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1)  **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

(2)  **Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant to twenty-five years' imprisonment or less, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing

issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court sentences defendant within the range of fifteen to twenty-five years' imprisonment.

    b.    **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    c.    **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.    OTHER:**

    a.    **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

    b.    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

    c.    **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the

crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

      **d.**     <u>**Mandatory Special Assessment:**</u> Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before October 1, 2019, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under –

…

(3) Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a) (production of child pornography) and 18 U.S.C. § 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography)). . . .

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

e. **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty.

At this time, the victim is not seeking restitution. The Government, however, requests that the Court order restitution for any future counseling, if any. The Defendant reserves the right to object to any future requests.

g. **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation,

whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state

sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

13

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except

where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

_9.29.2020_
Date

_Robert F. Livergood_
ROBERT F. LIVERGOOD, 35432MO
Assistant United States Attorney

_09/28/2020_
Date

_Thomas Carl Crimmins_
THOMAS CARL CRIMMINS
Defendant

_09/28/2020_
Date

_Daniel A. Juengel_
DANIEL A. JUENGEL
Attorney for Defendant

15